IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DREXEL MALONE,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-1; RUBIN LUBLIN TN, PLLC; BANK OF AMERICA; IRENE FRAGOSO; and JOHN/JANE DOES 1-10,** | ) No. 3:13-cv-00518<br><br>Chief Judge Haynes |
| Defendants. | ) |

# MEMORANDUM

Plaintiff originally filed this pro se action, in forma pauperis, in Tennessee state court, alleging wrongful foreclosure. Defendants filed notice of removal on May 29, 2013 (Docket Entry No. 1), asserting diversity jurisdiction under 28 U.S.C. § 1332(a) and federal subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiff filed a motion to remand on July 5, 2013 (Docket Entry No. 7), which the Court denied (Docket Entry No. 8).

Before the Court is Defendants' motion to dismiss (Docket Entry No. 6). Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, under Rule 12(b)(5) for insufficient service of process, and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants allege that Plaintiff failed to serve Defendants Bank of America and Irene Fragoso and that Plaintiff's attempted service on the Bank of New York Mellon and Rubin Lublin TN was not sent to an officer or agent authorized to

receive service for either company. (Docket Entry No. 6, Attachment thereto, Memorandum in Support of Motion to Dismiss, at 8-10). Defendants assert that the Court lacks personal jurisdiction over Defendants because of the failure of service. Id. at 8-9. Defendants also assert that Plaintiff fails to state a claim against any Defendant. Id. at 5-8. According to Defendants, Plaintiff does not explain why Defendants lacked standing to foreclose on her property, or how their assertions of a right to foreclose caused her damage. Id.

For the reasons set forth below, the Court concludes that Defendants' motion to dismiss should be granted.

### A. Analysis of the Motion

Plaintiff's First Amended Complaint that was filed in state court, alleges that Defendants lack standing to foreclose her property. Plaintiff alleges that she wrote to Defendant Rubin Lublin TN each time she received a notice of foreclosure, asking that they "cease and desist foreclosure" and requested documents "to prove their right to foreclose on subject property." (Docket Entry No. 1, Attachment thereto, Exhibit A, First Amended Complaint, at ¶¶ 7, 9, 12, 16). According to Plaintiff, Defendants never provided the requested documents. Id. at ¶ 17. Plaintiff contests Defendants' right to foreclose on the property. Id. Plaintiff also aserts a claim under the Truth in Lending Act, 15 U.S.C. § 1692e, alleging that Defendant Irene Fragoso, an employee of Bank of America Home Loans, sent a letter falsely stating that Plaintiff gave notice to rescind her loan transaction. Id. at ¶ 13. Plaintiff alleges that Defendants are now using "scare tactics" to force her to abandon the property. Id. at ¶¶ 15, 17.

According to Defendants, Plaintiff and Alvin Malone purchased the property at issue in January 2005. (Docket Entry No. 6, Attachment thereto, at 2). The Malones allegedly secured a

2

loan in the amount of $404,000 and conveyed the property via Deed of Trust to Arnold M. Weiss as Trustee for Mortgage Electronic Registration Systems, Inc., acting as nominee for the company issuing the loan. Id. Defendants allege that the Deed of Trust to the subject property was assigned in June 2012 to Defendant BNY Mellon, who removed Arnold M. Weiss as trustee and replaced him with Defendant Rubin Lublin TN in November 2012. Id. at 2. After this replacement, Defendants argue, Rubin Lublin had standing to foreclose on the property in the event of default. Id. at 3. Defendants allege that the foreclosure sale was held on March 21, 2013, with BNY Mellon the highest bidder. Id. BNY Mellon filed a forcible entry and detainer action in the state court that was later consolidated with this action. Id.

For this action, Plaintiff served Defendant BNY Mellon by mailing the complaint and summons to "The Bank of New York Mellon FKA The Bank of New York as Trustee for Certificateholders of the CWABS, Inc., Asset Backed Certificates, Series 2005-1" at an address in Peachtree Corners, Georgia. (Docket Entry No. 1, Attachment thereto, Exhibit A, Complaint, at 5). Defendant Rubin Lublin TN, PLLC, was served by mail addressed to "Rubin Lublin, PLLC, Attorneys and Counselors at Law" in Memphis, Tennessee. Id. Plaintiff served Defendant Bank of America by mail addressed "Bank of America" at an address in Richard, Texas, and served Defendant Irene Fragoso at an address in Simi Valley, California. Id. Only BNY Mellon and Rublin Lublin TN returned certified mail receipts. Id. at 12, 14.

### B. Conclusions of Law

Defendant's motion under Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction, and Rule 12(b)(5), for insufficient service of process are related given that the Court cannot exercise personal jurisdiction over a defendant that has not been properly served. Murphy

Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant . . . Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." Id. (citations omitted); see also King v. Taylor, 694 F.3d 650, 655 (6th Cir. 2012), cert. denied, 133 S. Ct. 1473 (2013) ("[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant.").

Where the original service is contested in an action removed to federal court, "[t]he Court must apply state law to determine the validity of service prior to removal." State Farm Fire & Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc., No. 05-74700, 2007 WL 127909, at *3 (E.D. Mich. Jan. 11, 2007). Under Tennessee Rule of Civil Procedure 4.04(1), an individual must be served personally or by leaving a copy of the complaint and summons at the individual's home, or by serving process on someone authorized by law to receive service for the individual. Tenn. R. Civ. P. 4.04(1). As an unincorporated association, Rubin Lublin TN, PLLC, must be served by delivery of the complaint and summons to "a partner or managing agent of the partnership or to an officer or managing agent of the association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association." Tenn. R. Civ. P. 4.04(3). As a corporation, BNY Mellon, must be served by delivery of the complaint and summons to "an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation." Tenn. R. Civ. P. 4.04(4). Rule 4.03(2) requires

4

that the defendant sign a return receipt after being served. Tenn. R. Civ. P. 4.03(2).

Here, return receipts have not been filed for Defendants Bank of America and Irene Fragoso, rendering service on those parties incomplete. Tenn. R. Civ. P. 4.03(2); see Docket Entry No. 1, Attachment thereto, Exhibit A, Complaint, at 12, 14. For the remaining parties, Plaintiff failed to address service to a partner, officer, or authorized agent as required by state law. Tenn. R. Civ. P. 4.04(3), (4); see Docket Entry No. 1, Attachment thereto, Exhibit A, Complaint, at 5. Because service of process is incomplete, the Court also lacks personal jurisdiction over Defendants. See Murphy Bros., 526 U.S. at 350. Dismissal is warranted under Federal Rules of Civil Procedure 12(b)(2) and (5). Id.

If service were not effected as required by state law, the Court can issue orders causing service to be completed. 28 U.S.C. § 1448. Service may then be completed in accordance with the Federal Rules of Civil Procedure. Id. "In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." Id.

Thus, the Court considers Defendants' motion for dismissal under Rule 12(b)(6) for failure to state a claim. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 12(b)(6) does not impose a probability requirement, but "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" tending to prove the allegations. Id. at 556. The facts alleged must be

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

Although the liberal pleading standard of Fed. R. Civ. P. 8 requires the Court to accept all factual allegations as true at the pleading stage, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court takes a two-pronged approach to motions to dismiss, first determining which allegations are merely conclusory, and therefore not entitled to the presumption of truth, and then using only the remaining facts to determine whether the facts alleged are sufficient to state a claim for relief. Id. at 679. In making a 12(b)(6) determination, the Court must remember that "pro se complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys." Bridge v. Ocwen Fed. Bank, FSB, 681 F.3d 355, 358 (6th Cir. 2012). The Court may consider documents attached to and referenced in the pleadings without converting the motion to dismiss into a motion for summary judgment. See Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008); Weaver v. Prudential Ins. Co. of America, 763 F. Supp.2d 930, 938 (M.D. Tenn. 2010). Here, Plaintiff's complaint refers to foreclosure documents or the lack thereof and the Court considers the foreclosure documents without converting the Defendants' motion into a motion for summary judgment.

At the core of Plaintiff's claims is the assertion that Defendants lack standing to foreclose on her property. (Docket Entry No. 1, Attachment thereto, Exhibit A, First Amended Complaint, at ¶ 17). Plaintiff's property was conveyed by deed of trust issued to Arnold M. Weiss, as a trustee for Mortgage Electronic Registration Systems, Inc., in 2005. (Docket Entry No. 6,

Attachment thereto, Memorandum in Support of Motion to Dismiss, at 2). The deed of trust was assigned to BNY Mellon in June 2012, and Arnold M. Weiss was replaced as trustee by Rublin Lublin TN in December 2012. Id. "A deed of trust is 'an instrument in use in many states, taking the place and serving the uses of a common-law mortgage, by which the legal title to real property is placed in one or more trustees, to secure the repayment of a sum of money or the performance of other conditions.'" Cadence Bank, N.A. v. Latting Rd. Partners, LLC, 699 F. Supp. 2d 1033, 1036 n.1 (W.D. Tenn. 2010) (quoting Black's Law Dictionary 503 (4th ed. 1968)). The holder of legal title under a mortgage, such as a trustee, can foreclose on the property in the event of a default. See Tenn. Code Ann. § 47-9-601 et seq.; Johnson v. Home State Bank, 501 U.S. 78 (1991); Kincaid v. SouthTrust Bank, 221 S.W.3d 32, 38 (Tenn. Ct. App. 2006). A substitute trustee appointed by the beneficiary possesses the authority of the original trustee. Tenn. Code Ann. § 35-5-114(b).

Hence, the signed and notarized assignment of the deed to BNY Mellon, and the signed and notarized appointment of Rubin Lublin TN as a substitute trustee, are both part of the record before the Court. (Docket Entry No. 6, Attachments thereto, Exhibits 4 and 5). As the substitute trustee and holder of a deed of trust, Rubin Lublin TN had standing to initiate foreclosure proceedings against the subject property. Thus, the Court concludes that Plaintiff fails to state a plausible claim for Defendants' lack of standing to foreclose on the property and her claim for failure to provide documents fails to sate a claim.

Plaintiff also asserts a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1692e. (Docket Entry No. 1, Attachment thereto, Exhibit A, First Amended Complaint, at ¶¶ 13-14; see Docket Entry No. 1, Notice of Removal, at ¶ 16). The Truth in Lending Act imposes a

broad prohibition on misrepresentations by debt collectors, and imposes strict liability for misrepresentation. Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 592 (6th Cir. 2009). The Sixth Circuit evaluates claims made under 15 U.S.C. § 1692e using "an objective, 'least-sophisticated-consumer' test." Id. (quoting Kistner v. Law Offices of Michael P. Margelefsky LLC, 518 F.3d 433, 438-39 (6th Cir.2008)). "'[A]lthough this standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" Kistner v. Law Offices of Michael P. Margelefsky, LLC, 518 F.3d 433, 438-39 (6th Cir. 2008) (quoting Fed. Home Loan Mortgage Corp. v. Lamar, 503 F.3d 504, 509-10 (6th Cir. 2007)). The Court "'will not countenance lawsuits based on frivolous misinterpretations or nonsensical interpretations of being led astray.'" Miller, 561 F.3d at 592 (quoting Lamar, 503 F.3d at 514) (internal quotation marks and citation omitted). Further, claims under 15 U.S.C. § 1692e may be maintained only against debt collectors. See 15 U.S.C. 1692a(6); Bridge, 681 F.3d at 358.

Plaintiff's TILA claim is that Defendant Irene Fragoso sent her a letter purporting to confirm Plaintiff's notice to rescind her loan transaction (Docket Entry No. 1, Attachment thereto, Exhibit A, First Amended Complaint, at ¶¶ 13-14). Plaintiff alleges that she never sent such a notice, and that the contents of Fragoso's letter are false. Id. Under Miller's least-sophisticated consumer test, the misrepresentation element of Plaintiff's claim is plausible, Miller, 561 F.3d at 592, but Plaintiff fails to allege any facts that Fragoso's letter was an attempt to collect money from Plaintiff. See Docket Entry No. 1, Attachment thereto, Exhibit A, First Amended Complaint, at ¶¶ 13-14. Plaintiff does not allege that Fragoso was a debt collector for

Rubin Lublin TN or BNY Mellon, or that she sent the letter in her capacity as a debt collector. See Bridge, 681 F.3d at 358. The Court concludes that Plaintiff fails to state a plausible claim for misrepresentation under the Truth in Lending Act.

After review, Plaintiff's remaining allegations that Defendants are using "scare tactics" to cause her to abandon her property do not identify a legal basis for her claim and are not plausible given the deed of trust documents.

For these reasons, the Court concludes that the Defendants' motion to dismiss (Docket Entry No. 6) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 23rd day of August, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Judge