IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

Drexel Malone

        Plaintiff,

vs.

Case No.: 3:13-cv-00518

THE BANK OF NEW YORK MELLON FKA THE
BANK OF NEW YORK AS TRUSTEE FOR
CERTIFICATEHOLDERS OF THE CWABS, INC.,
ASSET BACKED CERTIFICATES, SERIES 2005-1,
RUBIN LUBLIN, PLLC Attorneys and Counselors at
Law, BANK OF AMERICA, Irene Fragoso, and
JOHN/JANE DOES 1-10, such entities being unknown to
plaintiff at this time but, who may have legal claims
against the property capable of clouding its title.

        Defendants

[Handwritten annotation in right margin:] Order Thurmalan is Denied for reasons stated in the Court's ruling on Plaintiff's third action on these same claims. See Malone v Mortgage Electronic Registration Systems 3:13cv1150 (D/E Nos. 20, 21) [signature] 4-3-14

## MOTION FOR RELIEF FROM ORDER

Comes now the Plaintiff, Drexel Malone, in a special limited appearance in this court of record, for clarity, full disclosure and with clean hands, enters this motion for relief from order regarding case number 3:13-cv-00518.

### New Evidence Findings

According to documents filed in the Davidson county Register of Deeds Office of Tennessee, Nationwide Trustee Services, INC., was appointed as substitute trustee on December 4, 2012 after Rubin Lublin TN PLLC was appointed on November 19, 2012, see exhibits D and E. Therefore it appears that Rubin Lublin TN PLLC's claim as substitute trustee is not true according to the certified documents in the Register of Deeds office, see exhibits D and E, provided as evidence before this court, for that reason Rubin Lublin TN PLLC it appears did not have the right to conduct the alleged foreclosure sale [1] they allege to have conducted on March 21, 2013. Additionally Defendant, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-1, was allegedly assigned the alleged deed of trust twice in June of 2012, see Exhibits B and C, within seven days between the two assignments by an agent of Mortgage Electronic Registration Systems, also known as MERS [2]. If these

---

[1] Foreclosure is defined by Black's Law 2nd Edition as: <u>A process in chancery, a court of equity,</u> buy which a further right existing in a mortgagor to redeem the estate is defeated and lost to him and the estate becomes the absolute property of the <u>mortgagee</u>.
[2] These two assignments lead Plaintiff to believe that they are not valid because there is not a transfer between them, assigning the deed of trust back to MERS thus giving the later assignment validity. Also, there is an appointment of substitute trustee